### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

FRANK JAMES BURNETT,

      Petitioner,

      v.                                  **CASE NO. 20-3143-SAC**

SEDGWICK COUNTY BOARD
OF COMMISSIONERS, et al.,

      Respondents.

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court grants Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2). The Court has conducted an initial review of the Petition, and for the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed as moot.

**Background**

At the time of filing, Petitioner was a pretrial detainee being held at the Sedgwick County Adult Detention Center (SCADC) in Wichita, Kansas. Petitioner argued he should be released from detention due to the risk of contracting COVID-19 at the SCADC. Petitioner has four pending state criminal prosecutions. *See State v. Burnett*, Case Nos. 2019-CR-3082, 2019-CR-2257, 2020-CR-0070, and 2020-CR-1039 (Sedgwick County District Court). An online district court records search shows that Petitioner was released on bond on July 20, 2020 and remains at large. *Id.*

**Discussion**

The Petition is subject to dismissal because it appears to be moot. "The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody." 28 U.S.C. § 2241(c)(1). The "in custody" requirement is satisfied if the applicant was officially detained at the time the habeas

application was filed, as it appears Petitioner was. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Riley v. INS,* 310 F.3d 1253, 1256 (10th Cir. 2002). If the petitioner is later released from custody, the pertinent question is whether the petition continues to present the Court with a case or controversy as required under Article III, § 2, of the Constitution. *Spencer,* 523 U.S. at 7.

There must be a live case or controversy for this Court to have jurisdiction, and this requirement continues through all stages of a federal judicial proceeding. *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996). It is "not enough that the dispute was alive when the suit was filed." *Id.* A case becomes moot if an event occurs after filing that "makes it impossible for the court to grant 'any effectual relief.'" *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (internal quotations and citation omitted).

Petitioner's sole challenge in the present case is his pre-trial detention in the SCADC. Because Mr. Burnett has already obtained the only relief that he requested in his Petition—his release from custody—the Court is unable to provide any remedy that will have an effect in the real world.

**Conclusion**

The Court directs Petitioner to show cause why the Petition should not be summarily dismissed because it is moot.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **February 26, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed as moot.

**IT IS SO ORDERED**.

**Dated January 26, 2021, in Topeka, Kansas.**

**s/  Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**