## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**FRANK JAMES BURNETT,**

      **Petitioner,**

      **v.**                                                      **CASE NO. 20-3143-SAC**

**SEDGWICK COUNTY BOARD**
**OF COMMISSIONERS, et al.,**

      **Respondents.**

### MEMORANDUM AND ORDER

The case comes before the Court on Petitioner's Motion for Leave to File Response to NOSC Out of Time (ECF No. 6) and Petitioner's Response (ECF No. 7) to the Court's Notice and Order to Show Cause (ECF No. 4). Petitioner's Response was due by February 26, 2021, and he filed it on March 5. He states he did not have access to paper until February 27 and prepared his Response promptly upon receiving paper in his commissary order. Petitioner's motion is granted, and his Response to the NOSC is considered below.

Petitioner filed his Petition under 28 U.S.C. § 2241. In his Petition, Mr. Burnett argued he should be released from detention at the Sedgwick County Adult Detention Center (SCADC) due to the risk of contracting COVID-19. The NOSC found that the Petition was moot because Petitioner had been released from custody on bond. Petitioner responds that he was returned to custody at the SCADC on February 19, 2021, and therefore his Petition is no longer moot.

The Court agrees that the Petition is no longer moot. However, Mr. Burnett's Petition must be dismissed for failure to exhaust. Under 28 U.S.C. § 2254(b)(1), the Court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a petitioner challenging

1

pretrial detention is required to fully exhaust the remedies available in the state courts before

seeking relief in federal court.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (a

habeas petitioner is generally required to exhaust state remedies whether his action is brought

under § 2241 or § 2254); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*,

640 F.2d 271, 273 (10th Cir. 1981).  To satisfy this exhaustion prerequisite, Petitioner must have

presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal

or by state post-conviction motion.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  The petitioner

bears the burden of showing he has exhausted available state remedies.  *Miranda v. Cooper*, 967

F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 F. App'x 556, 557 (10th Cir.

2020); *Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished).

A review of online state court records reveals that Petitioner filed a state habeas corpus

action on May 1, 2020, before he filed his Petition here.  *See*

https://www.kansas.gov/countyCourts/search/records/447221860?execution=e1s7.  Petitioner's

state action under K.S.A. 60-1501 was dismissed on May 26, 2020 and was not appealed.

Accordingly, the Court finds that the Petition should be dismissed without prejudice to his filing

another federal petition if necessary once Petitioner's state remedies have been fully exhausted.

"The question of whether a [Kansas] state pretrial detainee should be released from

detention during the COVID-19 pandemic is a question for the State of [Kansas] to decide in the

first instance.  Unless and until Petitioner has been denied release by the [Kansas] courts, officials,

or legislature, and that denial constitutes a violation of established rights under the federal

Constitution, laws, or treaties, Petitioner may not seek habeas corpus relief from this federal court."

*Soto v. Governor of New Mexico*, No. CV 20-00317 JCH/KK, 2020 WL 1853050, at *3–4 (D.N.M.

Apr. 13, 2020) (citing *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966) (under

principles of comity, the state courts should be the first courts to decide questions of state law);

*Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980); *Aycox v. Lytle,* 196 F.3d 1174, 1180 (10th Cir.

1999)).

Also pending before the Court is a Motion for Emergency Temporary Restraining Order

(ECF No. 4).  Petitioner seeks immediate release for the same reasons raised in his Petition, as

well as a surprise inspection of SCADF and random staff and inmate interviews.

A movant seeking a preliminary injunction to remedy an alleged constitutional violation

must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2)

a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the

balance of equities tips in [his] favor; and (4) that the injunction is in the public interest."  *White*

*v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co. v.*

*Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)).  Given that the Petition is subject to dismissal for

lack of exhaustion, the Court cannot find that success on the merits is likely.  As a result,

Petitioner's motion is denied.


**IT IS THEREFORE ORDERED THAT** that this matter is **dismissed** without prejudice

to allow Petitioner to exhaust state remedies.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Leave to File Response to

NOSC Out of Time (ECF No. 6) is **granted**.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Emergency Temporary

Restraining Order (ECF No. 3) is **denied**.

**IT IS SO ORDERED**.

**Dated March 15, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
